**UNITED STATES of America and Leon Solomon, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**Michael DUKE, Regional Controller of Avon Products, Inc. and Avon Products, Inc., Respondents.**

**No. 74 C 902.**

United States District Court,
N. D. Illinois, E. D.

May 10, 1974.

For plaintiffs: United States Department of Justice Washington, D. C.

Edward I. Rothschild, Melvin I. Mishkin, Chicago, Ill., for respondents.

## DECISION

McMILLEN, District Judge.

This case came on for a hearing on the enforcement of an Internal Revenue Service summons which requests Respondents to produce:

1. Reports showing Avon Ladies's names and the purchase price to them of their cumulative purchases from Avon for the twenty-six two-week campaign cycles which ended in December, 1971 and 1972; and

2. Copies of Form 1099, U. S. Information Return, issued by Avon Products, Inc., for the taxable years 1971 and 1972.

Respondents resist compliance on the grounds, *inter alia,* that the summons is not for the purpose of obtaining records in connection with a pending case and is oppressively broad. They also complain that they were not afforded discovery prior to a hearing on the government's enforcement petition.

■ The Respondents' objection concerning pre-hearing discovery has been overcome by the government's production of its witnesses at the hearing. They answered all of the questions put to them and thus disclosed everything which would have been discovered prior to the hearing. The government's file was produced for an *in camera* inspection. The court has found nothing in it which was not produced at the hearing and which might have led to material evidence. Nor do the contents of the file tend to impeach the government witnesses. The government's file is not open to general inspection by the Respondents, particularly since much of it consists of privileged communications with government counsel. Therefore we cannot see how the Respondents were prejudiced by the refusal of the government to submit to any pre-hearing discovery, although we believe the refusal was improper. The court finds no just cause under all the circumstances to require any further divulgence of this file

or to dismiss the petition pursuant to Rule 37 as requested by Respondents.

■ At the hearing, the government clarified the scope of its summons by limiting it to the Chicago District of the Internal Revenue Service. This was accomplished by reading the title of the summons as a limitation on it, thereby covering only those Avon ladies who live in the northern 26 counties of Illinois. The government also made it clear that it did not expect the Respondents to extract the requested data from their records but merely to produce the records for the government's examination. This of course reduces the burden on the Respondents substantially and in our opinion is an acceptable procedure to follow at an enforcement hearing as well as in the negotiations which preceded the issuance of the summons in its present form. We are not dealing here with a motion to suppress evidence in a criminal prosecution and therefore the facial terms of the summons are not beyond amendment. See Falsone v. United States, 205 F.2d 734 at 739 (5th Cir. 1953).

■ The government, however, must show a legitimate purpose behind its summons when challenged. United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This element is lacking as to item (1). Names of some thousands of Avon ladies as of 1971 and 1972 would be of no discernible use to the government without social security numbers or addresses, and neither data is sought by the summons. So far as the evidence shows, this additional data does not exist. The government merely contends that it might seek additional information in order to make the reports usable, but we believe it has the burden to show what such information consists of and that it exists, before the Respondents can be put to the first step of producing 104,000 pages of reports.

■ On the other hand, the information sought under item (2) is usable in the form requested and the request is

reasonable. Form 1099's are documents which the Respondent Corporation is required to file with Internal Revenue Service yet which cannot be retrieved from government records on the basis of the information now in the government's possession, to wit, the payor's name. Without the payee's name and social security number on a form 1099, the government has no way to obtain the information requested by item (2). Although this particular item is not limited to the Chicago District of even to Avon ladies, we accept the government's amendments to this effect and, as so limited, will enforce item (2).

Section 7602 of the Internal Revenue Code in our opinion does allow this much of a general search, so long as a legitimate purpose is served. The statute authorizes the issuance of a summons for "determining the liability of any person for any internal revenue tax" and for "ascertaining the correctness of any return". These powers are not limited to a named taxpayer but are broad enough to cover the returns of any Avon lady who received income reportable on Form 1099. After receiving the forms from respondents, the government then has the ability to make whatever investigation it sees fit with respect to the returns filed or not filed by the individual ladies for the amount shown on the Form 1099's. Without the power to require production of these documents, their use as an investigative tool is greatly impaired.

Respondents did not demonstrate that production of Form 1099's would be unduly burdensome or otherwise unreasonable. Copies are contained in the corporation's files, and the only remaining task is to segregate those applicable to the 26 counties in Northern Illinois. In fact, Respondents could produce all of their Form 1099's pursuant to the summons and let the government do the culling.

Nor do we attach any great significance to the government's failure to follow all of the provisions of its manual on income tax investigations. Rule 4022.3 of the manual is merely an internal guide and not binding on the petitioner. Furthermore, although the issuing agent did not specifically consult the rule, neither did he violate it. See Luhring v. Glotzbach, 304 F.2d 560 at 563 (4th Cir. 1962).

The court also adopts and reaffirms the remarks which it made at the conclusion of the hearing on April 30, 1974, having found no reason to change those findings or conclusions.

It is therefore ordered, adjudged and decreed that the respondents Michael Duke and Avon Products, Inc. comply forthwith with the Summons dated January 2, 1974 as to item (2), limited, however, to Avon ladies and former Avon ladies who resided in the Internal Revenue District of Chicago, and enforcement of the remainder of the Summons is denied.